UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

FILED
U.S. DISTRICT COURT
EASTERN ~~~~~~~~~~~~~~~~ OF TEXAS

MAY 3 1 2006

DAVID J. MALAND, CLERK
BY
DEPUTY _____

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| V. | § |
| | § |
| JAMES F. GIDDENS | § |

5:03-CR-35

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On May 31, 2006, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Barry Bryant. Defendant was represented by Craig Henry.

Defendant was sentenced on August 12, 2004, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of possession of methamphetamine with intent to distribute, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of I, was 10 to 16 months. Defendant was subsequently sentenced to five months imprisonment to be followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include 150 days of home detention with electronic monitoring, loss of federal benefits for one year, and a $100 special assessment. On October 8, 2004, Defendant completed his period of imprisonment and began service of the supervision term.

On January 6, 2006, the instant petition to revoke was filed. In its petition, the Government alleges Defendant violated the following conditions:

1) Defendant shall refrain from any unlawful use of a controlled substance. Specifically, the

Government alleges on February 9, 2005, Defendant submitted a urine specimen that tested positive for the use of methamphetamine. The Government further alleges on March 23, 2005, Defendant admitted to using methamphetamine on or about March 21, 2005. The Government alleges on May 6, 2005, Defendant again admitted to using methamphetamine three to four days prior to this date. The Government further alleges on June 9, 2005, Defendant submitted a urine specimen that tested positive for the use of methamphetamine. Finally, in this regard, the Government alleges on November 17, 2005, Defendant admitted to using methamphetamine about two days prior to this date.

      2) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer. Specifically, the Government alleges on November 17, 2005, Defendant continually tried to stall the attempts of the U.S. Probation Officer in collecting a urine specimen from him. Such stalling resulted in no urine specimen being collected. Defendant subsequently admitted to using methamphetamine about two days prior and that he did not want to submit a "dirty" urine specimen. It is also alleged that Defendant violated this condition by not participating in a substance abuse treatment program as instructed on numerous occasions and as follows: (1) scheduled counseling sessions were established by the counselor on April 20th and 27th, 2005, which Defendant failed to attend or reschedule; (2) on May 11, 2005, Defendant was instructed by the U.S. Probation Office to attend an individual counseling session on May 18, 2005, which Defendant failed to attend; (3) a scheduled counseling session was established by the counselor on June 29, 2005, which Defendant failed to attend or reschedule; (4) a scheduled counseling session was established by the counselor on August 31, 2005, which Defendant failed

to attend or reschedule; and (5) on November 22, 2005, Defendant was instructed by the U.S. Probation Office to attend a counseling session on November 30, 2005, which he failed to attend or reschedule.

3) Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. Specifically, the Government alleges Defendant has violated this condition in that he has failed to report to the U.S. Probation Office on numerous occasions as instructed by the U.S. Probation Officer as listed: (1) on May 6, 2005, Defendant was instructed to report on June 2, 2005, and he failed to report as instructed or call to reschedule; (2) on July 1, 2005, Defendant was instructed to report on August 2, 2005, and he failed to report as instructed or call to reschedule; (3) on August 11, 2005, Defendant was instructed to report on September 2, 2005, and he failed to report as instructed or call to reschedule; (4) on October 18, 2005, Defendant was instructed to report on November 2, 2005, and he failed to report as instructed or call to reschedule; and (5) on November 22, 2005, Defendant was instructed to report on January 2, 2006, and he failed to report as instructed or call to reschedule.

The Court scheduled a revocation hearing May 31, 2006. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to allegations as set forth above. Based upon Defendant's plea of true to the allegations and with no objection by the Defendant or the Government, the Court found Defendant violated his conditions of supervised release as alleged in the U.S. Probation Office's violation petition. The Court thereafter recommended Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of four (4) months. The Court further recommended that upon release from imprisonment,

3

Defendant be placed on supervised release for a term of 12 months.  The Court further recommended as follows.

Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which Defendant is released.  While on supervised release, Defendant shall not commit another federal, state, or local crime.  Defendant shall not illegally possess a controlled substance and shall refrain from any unlawful use of a controlled substance.  Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer. Defendant shall comply with the standard conditions that have been adopted by the Court and shall comply with the following additional conditions.  Defendant shall reside in a community confinement center, halfway house or similar facility, located in Tyler, Texas, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility.  Defendant shall also participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer.  Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations as set forth in the Government's petition be **ACCEPTED**.  Further, it is

**RECOMMENDED** that Defendant's supervised release be **REVOKED**.  Further, it is

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of four (4) months.  It is further

**RECOMMENDED** that upon release from imprisonment, Defendant be placed on supervised release for a term of 12 months.  It is further

4

**RECOMMENDED** that within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which Defendant is released.  While on supervised release, Defendant shall not commit another federal, state, or local crime.  Defendant shall not illegally possess a controlled substance and shall refrain from any unlawful use of a controlled substance.  Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.  Defendant shall comply with the standard conditions that have been adopted by the Court and shall comply with the following additional conditions.  Defendant shall reside in a community confinement center, halfway house or similar facility, located in Tyler, Texas, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility.  Defendant shall also participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer.

The parties were informed of the right to file objections to the recommendations as set forth above.  Both parties waived their objections.

**SIGNED this 31st day of May, 2006.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

5